IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| Michelle Mederer<br>36108 Dellwood Rd.<br>Grafton, OH 44044<br><br>Plaintiff,<br><br>vs. | CASE NO:<br><br>JUDGE: |
|---|---|
| United States of America<br>United States Post Office<br>General Law Service Center<br>USPS National Tort Center<br>1720 Market St., Room 2400<br>St. Louis, MO 63155-9948<br><br>Defendant. | **COMPLAINT WITH JURY DEMAND<br>ENDORSED HEREON** |

Now comes the Plaintiff, Michelle Mederer, and for her claims against Defendant, states as follows:

### FIRST CLAIM – PRELIMINARY ALLEGATIONS

1. Plaintiff, Michelle Mederer, was a resident of Lorain County, Ohio on the date of the accident, which gives rise to this lawsuit, December 10, 2018.

2. Defendant, United States of America, United States Post Office, was the employer of Erin McDonald, a United States Postal Service employee, who, while in the course and scope of her employment, was involved in the accident of December 10, 2018, which gives rise to this lawsuit. Pursuant to 28 USC §2679, Plaintiff's exclusive remedy against Erin McDonald for her negligence is to proceed in Federal Court against the United States of America.

3. Pursuant to 28 USC § 2675, Plaintiff submitted a claim on or about November 12, 2020, to the Office of the USPS National Tort Center, 1720 Market St. Room 2400, St. Louis, MO 63155-9948 and the United States Postal Service Postmaster, 926 Main St. Grafton, OH 44044.

4. On December 3, 2020, a USPS tort representative acknowledged receipt of the SR 95.

5. On July 6, 2022, Plaintiff, by and through her counsel, received a letter denying liability and giving Plaintiff a right to sue (See Exhibit 1).

6. Pursuant to 28 U.S.C. 2675(a), an action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee. . .unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail. The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section.

7. Original jurisdiction is granted to this Court, pursuant to 28 USC §1346.

## SECOND CLAIM – NEGLIGENCE

8. Plaintiff incorporates herein all prior allegations as if fully re-written.

9. On or about December 10, 2018, Plaintiff, Michelle Mederer was travelling west on State Route 57 near or at its intersection with State Route 83 in Grafton, Lorain County, Ohio. Erin McDonald, who at all relevant times was an employee of the

United States Postal Service and who was in the course and scope of her employment, was traveling directly behind the Plaintiff, when Erin McDonald slammed into the rear of the vehicle in which the Plaintiff was driving.

10. Erin McDonald, who at all relative times was an employee of the United States Postal Service and who was in the course and scope of her employment with the United States Postal Service, negligently operated a motor vehicle causing a collision with a motor vehicle operated by Plaintiff, Michelle Mederer.

11. As a proximate result of Erin McDonald's negligence, Plaintiff Michelle Mederer suffered injuries to her body causing pain and suffering and will continue to suffer said pain and suffering into the future and upon a permanent basis.

12. As a further result, Plaintiff incurred medical expense and expects to incur such expenses in the future.

13. As a further result, Plaintiff has incurred lost income and will suffer future loss of income and has incurred a loss of earning capacity.

14. As a further result, Plaintiff has suffered damage to the vehicle, and has incurred towing, storage, and rental car costs.

WHEREFORE, Plaintiff Michelle Mederer, prays for a judgment against Defendant as follows:

a. Compensatory damages for Plaintiff in an amount in excess of Five Hundred Thousand Dollars ($500,000.00), plus costs incurred in this action plus interest and attorney's fees;

b. Any such other relief to which Plaintiff may show herself entitled.

Respectfully submitted,

**KISLING NESTICO & REDICK, LLC**

/s/ *Lorri J. Britsch*
Lorri J. Britsch (#0067507)
4853 Monroe St., Bldg. B., Ste. 3
Toledo, Ohio  43623
Phone (419) 324-8205 / Fax (330) 869-9008
lbritsch@knrlegal.com
Attorney for Plaintiff
Michelle Mederer

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

/s/ *Lorri J. Britsch*
Lorri J. Britsch
Attorney for Plaintiff
Michelle Mederer

LAW DEPARTMENT
NATIONAL TORT CENTER


UNITED STATES
POSTAL SERVICE

**PLAINTIFF'S EXHIBIT 1**

CERTIFIED MAIL NO. 7020 3160 0000 4848 0067
RETURN RECEIPT REQUESTED

July 6, 2022

Lorri J. Britsch, Esq.
Kisling, Nestico & Redick
4853 Monroe St. Bldg. B Ste. 3
Toledo, OH 43623

RE: Claimant: Michelle Mederer
USPS File No.: NT202070650
Date of Incident: December 10, 2018

Dear Ms. Britsch:

This is in reference to the administrative claim filed on behalf of the above-referenced claimant with the USPS under the provisions of the Federal Tort Claims Act.

The Postal Service is not legally obligated to pay all losses which may occur, but only those caused by the negligent or wrongful act or omission of an employee acting in the scope of his/her employment. We are guided in our determination by all the information available to us, including the reports of our personnel and any other persons acquainted with the facts.

As to the incident at issue, the injuries claimed are not causally related to the December 10, 2018 motor vehicle accident and, therefore, cannot accept legal liability for your client's alleged damages. Additionally, we attempted to reach a mutually satisfactory resolution of this matter in the administrative claim process. Unfortunately, we were unable to reach a settlement agreement. For all the foregoing reasons this claim is denied.

In accordance with 28 U.S.C. § 2401(b) and 39 C.F.R. 912.9(a), if dissatisfied with the Postal Service's final denial of an administrative claim, a claimant may file suit in a United States District Court no later than six (6) months after the date the Postal Service *mails* the notice of that final action. Accordingly, any suit filed in regards to this denial must be filed no later than six (6) months from the date of the mailing of this letter, which is the date shown above. Further, note the United States of America is the only proper defendant in a civil action brought pursuant to the Federal Tort Claims Act and such suit may be heard only by a federal district court.

1720 MARKET STREET, ROOM 2400
ST. LOUIS, MO 63155-9948
TEL: 314/345-5820
FAX: 314/345-5893

- 2 -

Alternatively, and in accordance with the regulations set out at 39 C.F.R. 912.9(b), prior to the commencement of suit and prior to the expiration of the six (6) month period provided in 28 U.S.C. § 2401(b), a claimant, his duly authorized agent, or legal representative, may file a written request for reconsideration with the postal official who issued the final denial of the claim. Upon the timely filing of a request for reconsideration, the Postal Service shall have six (6) months from the date of filing in which to make a disposition of the claim and the claimant's option under 28 U.S.C. § 2675(a) shall not accrue until six (6) months after the filing of the request for reconsideration.

A request for reconsideration of a final denial of a claim shall be deemed to have been filed when received in this office.

Nothing in this letter should be construed to limit or waive any defenses which may be available to the United States should litigation ensue.

Sincerely,

Javier Soto-Arocho
Tort Claims Examiner/Adjudicator
Tel: 314-345-5868


cc:   Denita McCoy
      Tort Claims Coordinator
      USPS File No. 440-19-00425872A